**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:                                              )
                                                    )  BANKRUPTCY CASE NO.:
                                                    )
                                                    )  3:08-bk-08138-PMG
CHRISTOPHER JOHN WALKER,                             )
                                                    )  CHAPTER 7
JENNIFER ALLEN WALKER,                               )
                                                    )
         Debtors.                                   )

_____

CHRISTOPHER JOHN WALKER,                             )
                                                    )
         Plaintiff,                                 )
                                                    )
                                                    )  ADVERSARY PROCEEDING NO:
v.                                                  )
                                                    )  3:13-ap-00478-PMG
                                                    )
OCWEN LOAN SERVICING, LLC,                           )
                                                    )
         Defendant.                                 )

_____


**DEFENDANT, OCWEN LOAN SERVICING, LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

1.      In response to paragraph 1 of the Complaint, Ocwen admits at this Court has

jurisdiction over Count I of the Complaint but denies that the Court has jurisdiction to enter a

final order with respect to the remaining counts.

2.      In response to paragraph 2 of the Complaint, Ocwen admits that venue is proper

in this Court.

3.      In response to paragraph 3 of the Complaint, Ocwen admits that Count I of the

Complaint is a core proceeding, but denies that the remaining counts are core proceedings.

4.      In response to paragraph 4 of the Complaint, Ocwen admits that the main bankruptcy proceeding was commenced by the Debtors' filing of a bankruptcy petition on December 26, 2008.  Ocwen further admits that Litton Loan was scheduled as a secured creditor in Plaintiff's bankruptcy schedules with respect to the property described therein.  Ocwen denies any remaining allegations set forth in paragraph 4 of the Complaint.

5.      In response to paragraph 5 of the Complaint, Ocwen states that it is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 5 of the Complaint and therefore, denies same.

6.      In response to paragraph 6 of the Complaint, Ocwen states that it is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6 of the Complaint and therefore, denies same.

7.      In response to paragraph 7 of the Complaint, Ocwen admits that this Court entered a discharge in the Plaintiff's main bankruptcy case on December 31, 2008.  Ocwen is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 7 of the Complaint, and therefore, denies same.

8.      In response to paragraph 8 of the Complaint, Ocwen admits that a motion for stay relief was filed on April 23, 2009 in the Plaintiff's main bankruptcy case.  Ocwen is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 8 of the Complaint, and therefore, denies same.

9.      In response to paragraph 9 of the Complaint, Ocwen admits that it acquired the servicing rights of Litton Loan Servicing, in or around 2011.  Ocwen is uncertain as to what

Plaintiff means when he states that Ocwen acquired "Litton's records of Mr. Walker's bankruptcy" and therefore, denies same.

10.     Ocwen denies the allegations set forth in paragraph 10 of the Complaint.

11.     In response to paragraph 11 of the Complaint, Ocwen states that it is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 11 of the Complaint and therefore, denies same.

12.     Ocwen denies the allegations set forth in paragraph 12 of the Complaint.

13.     In response to paragraph 13 of the Complaint, Ocwen admits that it received a phone call from the Plaintiff in September of 2013.  Ocwen is without knowledge or information sufficient to form a belief as the remaining allegations set forth in paragraph 13 of the Complaint, and therefore, denies same.

14.     In response to paragraph 14 of the Complaint, Ocwen states that it is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 14 of the Complaint, and therefore, denies same.

15.     Ocwen denies the allegations set forth in paragraph 15 of the Complaint.

## COUNT I – DISCHARGE VIOLATION

16.     Ocwen re-alleges its responses to the allegations set forth in paragraphs 1-15 above, as if set forth fully herein.

17.     Ocwen denies the allegations set forth in paragraph 17 of the Complaint.

## COUNT II – FAIR CREDIT REPORTING ACT VIOLATION

18.     Ocwen re-alleges its responses to the allegations set forth in paragraphs 1-15 above, as if set forth fully herein.

19.     Ocwen denies the allegations set forth in paragraph 19 of the Complaint.

20.     Ocwen denies the allegations set forth in paragraph 20 of the Complaint.

21.     Ocwen denies the allegations set forth in paragraph 21 of the Complaint.

## COUNT III – FAIR DEBT COLLECTION ACT VIOLATION

22.     Ocwen re-alleges it responses to the allegations set forth in paragraphs 1-15 and 19 above, as if set forth fully herein.

23.     In response to the allegations set forth in paragraph 23 of the Complaint, Ocwen states that said allegations call for a legal conclusion to which no response is required.  To the extent a response is deemed required, Ocwen denies the allegations set forth in paragraph 23 of the Complaint.

24.     In response to the allegations set forth in paragraph 24 of the Complaint, Ocwen states that said allegations call for a legal conclusion to which no response is required.  To the extent a response is deemed required, Ocwen denies the allegations set forth in paragraph 24 of the Complaint.

25.     In response to the allegations set forth in paragraph 25 of the Complaint, Ocwen states that said allegations call for a legal conclusion to which no response is required.  To the extent a response is deemed required, Ocwen denies the allegations set forth in paragraph 25 of the Complaint.

26.     Ocwen denies the allegations set forth in paragraph 26 of the Complaint.

## COUNT IV - FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATION

27.    Ocwen re-alleges its responses to the allegations set forth in paragraphs 1-15 above, as if set forth fully herein.

28.    In response to paragraph 28 of the Complaint, Ocwen denies that it made false statements to Experian regarding the subject debt.  Ocwen states that the remaining allegations set forth in paragraph 28 of the Complaint assert a legal conclusion, to which no response is required.  To the extent a response is deemed required, Ocwen denies the allegations set forth in paragraph 28 of the Complaint.

29.    Ocwen further denies each and every allegation set forth in the Complaint which it has not specifically admitted herein.

## AFFIRMATIVE DEFENSES

For its affirmative defenses in this matter, Defendant Ocwen states as follows:

### I. AS TO ALL COUNTS

### First Affirmative Defense

For its first affirmative defense in this matter, Defendant Ocwen avers that  the Complaint fails to state a claim upon which relief can be granted against Defendant Ocwen pursuant to Federal Rule of Civil Procedure 12(b)(6), as incorporated into this proceeding by Fed. R. Bankr. P. 7012(b).  Accordingly, Plaintiffs claims should be dismissed.

### Second Affirmative Defense

For its second affirmative defense in this matter, Defendant Ocwen relies upon all applicable statutes of limitations, if proven applicable by investigation and discovery.

### Third Affirmative Defense

For its third affirmative defense, Defendant Ocwen avers that claims are barred by the doctrines of waiver and estoppel.

## II. AS TO COUNT IV - FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATION

### Fourth Affirmative Defense

For its Fifth affirmative defense, Defendant Ocwen states that Plaintiff cannot establish a violation of the FCCPA because the conduct allegedly giving rise to a violation, if indeed a violation occurred, was not intentional.

### Fifth Affirmative Defense

For its Sixth affirmative defense, Defendant Ocwen states that Plaintiff cannot establish a cause of action for violation of the FCCPA because such cause of action has been preempted by the FCRA.

Defendant Ocwen reserves the right, subject to the Court's approval, to plead additional affirmative defenses at the conclusion of the discovery process.

WHEREFORE, Defendant Ocwen having answered the allegations against it requests that:

(a)     that Plaintiffs' Complaint be dismissed;

(b)     that all costs be cast against Plaintiffs;

(c)     all relief requested by Plaintiffs be denied; and

(d)      for such other and further relief as is just and proper.

Respectfully submitted: December 26, 2013.

/s/ A. RENEE DECKER
A. Renee Decker, Esq.
Florida Bar No. 60384
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
100 S.E. Third Ave, Suite 2626
Fort Lauderdale, Florida 33394
Telephone: 954.768.1600
Facsimile: 954.867.1326
Email: rdecker@bakerdonelson.com

*Attorney for Ocwen Loan Servicing, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2013, I served a copy of the foregoing *Notice of Appearance* electronically to all parties/attorneys on the list to receive service/notice in this case, including but not limited to the following:

Wendell Finner
Wendell Finner, PA
340 3rd Ave S. Suite A
Jacksonville Beach, FL 32250-6767
Email: wendell@1ccl.com
*Via CM/ECF*

/s/ A. RENEE DECKER

A. Renee Decker, Esq.